**UNITED STATES DISTRICT COURT**

**DISTRICT OF MARYLAND**

| | |
|---|---|
| QUINCY JONES and DAE PARK, on their own behalf and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>PROSPER MARKETPLACE, INC., PROSPER FUNDING, LLC, and VELOCITY INVESTMENTS, LLC,<br><br>          Defendants. | Civil Action No.<br><br>Removed from:<br>Circuit Court for Montgomery County, Maryland<br>Civil Action No. 484731V |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Prosper Marketplace, Inc., Prosper Funding, LLC, and Velocity Investments, LLC ("Defendants") hereby remove this state court civil action pending in the Circuit Court for Montgomery County, Maryland, Case No. 484731V, to the United States District Court for the District of Maryland.[1]

In further support of this Notice of Removal, Defendants state as follows:

**PROCEDURAL HISTORY**

1.      On February 9, 2021, Quincy Jones and Dae Park ("Plaintiffs") filed a putative class action complaint in the Circuit Court for Montgomery County, Maryland ("Complaint"), under the caption *Jones v. Prosper Marketplace, Inc.*, Case No. 484731V ("the State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit 1**.

---

[1] Plaintiffs' dispute is covered by arbitration agreements. Defendants hereby reserve their right to compel Plaintiffs to arbitrate their claims in accordance with their arbitration agreements.

1

2. On March 1, 2021, the Clerk of the Court entered an order signed by Judge Robert Greenberg assigning the State Court Action to the Business and Technology Case Management Program, Standard Track 6. The order is attached as **Exhibit 2**.

3. On March 9, 2021, counsel for Prosper Marketplace, Inc. ("PMI") and Prosper Funding, LLC ("PFL") accepted service of the Complaint via email. On March 28, 2021, counsel for Velocity Investments, LLC ("Velocity") accepted service of the Complaint via email.

4. On March 19, 2021, the Clerk of the Court entered a scheduling order signed by Judge Robert Greenberg. The order is attached as **Exhibit 3**.

5. On March 23, 2021, the Clerk of the Court issued a summons to Defendants, which Plaintiffs served on Defendants via email on March 25, 2021. A true and correct copy of the summons is attached as **Exhibit 4**.

6. Exhibits 1–4 constitute all the process, pleadings, and orders that have been served upon Defendants in connection with the State Court Action.

7. A true and correct copy of the State Court Action docket is attached as **Exhibit 5**.

8. The Complaint alleges that PMI and PFL violated Maryland law by operating as unlicensed loan brokers and lenders and signing customers' promissory notes with their bank lender, WebBank, under a power of attorney. As a result, Plaintiffs claim that neither PMI and PFL, nor Velocity as their assignee, were entitled to collect any payments from Maryland borrowers. Ex. 1 ¶¶ 2, 8-12, 13-14.

9. The Complaint defines "Prosper" to include both PMI and PFL. *Id.* ¶ 1. It purports to seek certification of a class of "[a]ll borrowers who obtained a consumer loan through Prosper where each and every one of the following requirements are met: a) The borrower registered with Prosper in Maryland and was a Maryland resident at the time of registration; b) The agreement, note,

or other evidence of the loan included a written election of the Maryland Credit Grantor Closed End Credit Provisions, Md. Code Ann., Com. Law §§12-1001 et seq. ('CLEC'); c) The loan was originated in the name of WebBank under an advance agreement that the loan would be sold to Prosper after origination; d) PMI signed the promissory note in the transaction on WebBank's behalf with the representation that it was the 'attorney-in-fact' of the borrower; and, e) The borrower made one or more payments to Prosper on the loan." *Id.* ¶ 119.

10. The Complaint asserts—on behalf of Plaintiffs and the purported class members—claims for violation of the Maryland Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Com. Law §§ 12-1001 *et seq.*, violation of the Maryland Credit Services Businesses Act, Md. Code Ann., Com. Law §§ 14-1901 *et seq.*, violation of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 *et seq.*, violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 *et seq.*, restitution/unjust enrichment, and money had and received. Ex. 1 ¶¶ 148-210. Plaintiffs also seek a declaration that PMI and PFL were required to be licensed by the Maryland Commissioner of Financial Regulation and violated CLEC, and that PMI, PFL, and Velocity did not and do not have the right to collect any money from Plaintiffs and putative class members on their loan accounts. *Id.* ¶¶ 132-147.

## PARTIES

11. Plaintiffs Quincy Jones and Dae Park are "residents and citizens of the State of Maryland." *Id.* ¶ 21.

12. Defendant PMI is a Delaware corporation with its principal place of business in California. *Id.* ¶ 22.

13. Defendant PFL is a Delaware LLC. *Id.* ¶ 23. As explained below, because its sole member is a citizen of Delaware and California, PFL is a citizen of Delaware and California. *Infra* ¶¶ 20-21.

14. Defendant Velocity is a Delaware LLC with its principal place of business in New Jersey. *Id.* ¶ 25. As explained below, because its sole member is a citizen of Delaware and New Jersey, PFL is a citizen of Delaware and New Jersey. *Infra* ¶ 22.

## TIMELINESS OF REMOVAL

15. Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to remove to federal court following service of a copy of the complaint, or within 30 days after service of summons if the complaint has been filed in court and is not required to be served on the defendant, whichever period is shorter. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999). Counsel for PMI and PFL accepted service of the Complaint via email on March 9, 2021. Thirty days from the March 9, 2021 service of the Complaint is April 8, 2021 and this notice of removal is therefore timely. *See Pearsall v. Philadelphia Vascular Inst.*, No. CIV. BPG-08-0760, 2008 WL 3165838, at *3 (D. Md. July 31, 2008) (where there is no formal service, 30-day removal clock is triggered when the defendant waives formal service of process).

## BASIS FOR REMOVAL JURISDICTION

16. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." As set forth below, this Court has original jurisdiction over the State Court Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The State Court Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

17. Defendants also invoke all other grounds for removal that exist under applicable law.[2]

18. Defendants' recitation of the claims in the State Court Action for purposes of establishing grounds for removal is not a concession that the claims have merit, and Defendants

---

[2] This includes supplemental jurisdiction under 28 U.S.C. § 1367 in the event the Court determines it does not have original jurisdiction over any particular claim.

4

reserve all rights and applicable defenses to the claims and legal theories in the State Court Action, and denies that Plaintiffs are entitled to any relief.

19. "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). The State Court Action meets all these requirements.

20. This case is a class action within the meaning of CAFA. Under the statute, a class action is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs state that they bring this action on behalf of a class, Ex. 1 ¶¶ 1, 119, and assert claims pursuant to the Maryland class action statute, Md. Rules 2-231; *see* Ex. 1 ¶¶ 119-131, thereby meeting CAFA's class action requirements. *See* 28 U.S.C. § 1332(d)(1)(B).

21. The State Court Action likewise meets CAFA's mandate for minimal diversity, which simply requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, named Plaintiffs Jones and Park are citizens of Maryland. Ex. 1 ¶ 21; *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.").

22. Defendant PMI is a Delaware corporation with its principal place of business in California and is therefore a citizen of Delaware and California. Ex. 1 ¶ 22; *see* 28 U.S.C. §

1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (stating that corporate entities are citizens of the states where they are incorporated and where they have their principal places of business).

23. Defendant PFL is a Delaware LLC. Ex. 1 ¶ 23. For purposes of diversity jurisdiction, "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). PFL's sole member is PMI. Thus, PFL is also a citizen of Delaware and California.

24. Defendant Velocity is a Delaware LLC with its principal place of business in New Jersey. Ex. 1 ¶ 25. Its sole member is Velocity Portfolio Group, Inc., which is a Delaware corporation with its principal place of business in New Jersey. Thus, Velocity is a citizen of Delaware and New Jersey.

25. CAFA requires that the proposed class encompass at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B); *Standard Fire Ins.*, 568 U.S. at 592. The State Court Action meets that threshold. The Complaint's proposed class encompasses: "All borrowers who obtained a consumer loan through Prosper where each and every one of the following requirements are met: a) The borrower registered with Prosper in Maryland and was a Maryland resident at the time of registration; b) The agreement, note, or other evidence of the loan included a written election of the [CLEC]; c) The loan was originated in the name of WebBank under an advance agreement that the loan would be sold to Prosper after origination; d) PMI signed the promissory note in the transaction on WebBank's behalf with the representation that it was the 'attorney-in-fact' of the borrower; and, e) The borrower made one or more payments to Prosper on the loan." Ex. 1 ¶ 119. The proposed class excludes "all persons in transactions where 1) the subject account was originated more than three years prior to the filing of this Complaint; and, 2) the subject account was satisfied more than

six months prior to the filing of this Complaint; and, 3) no payments have been made on the subject account within the past three years." *Id.* ¶ 121.

26. PFL's records indicate that WebBank originated many hundreds of loans to Maryland borrowers for which PMI signed the borrowers' promissory notes and received payments since February 9, 2018. Declaration of James Harkins ("Harkins Decl.") ¶ 4 (attached hereto as **Exhibit 6**). Each of these borrowers agreed to a Terms of Use and Electronic Consent governing the use of PMI's website containing a provision that Plaintiffs claim constitutes an election of the CLEC. Declaration of Allyson Bryant ("Bryant Decl.") ¶ 3 (attached hereto as **Exhibit 7**). Accordingly, the Complaint alleges that the aggregate number of putative class members is greater than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

27. Finally, the State Court Action satisfies CAFA's $5 million amount-in-controversy requirement. *See Standard Fire Ins.*, 568 U.S. at 592 (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). Plaintiffs allege that PMI and PFL were "never entitled to collect any money from Plaintiffs or any [putative] Class member," Ex. 1 ¶ 13, and assert that Defendants "must return *all payments* made on" putative class members' loans, *id.* ¶ 19 (emphasis added). *See, e.g.*, *id.* ¶ 85 ("[N]o promissory note was formed, and Prosper was never entitled to collect any money from any Class Member in connection with the legally non-existent note."); *id.* ¶¶ 86-87 (alleging that Plaintiffs and putative class members' loan agreements are "void and unenforceable" and therefore Prosper was never entitled to collect any money from them); *id.* ¶¶ 88-90 (Prosper was not entitled to collect any money from putative class members because it lacked allegedly required licenses); *id.* ¶¶ 93,98 (alleging that Velocity was not entitled to collect any money from Plaintiffs and putative class members); *id.* Prayer for Relief ¶ A (seeking a declaration that Prosper and Velocity never had any right to collect any money from Plaintiffs and putative class members); *id.* Prayer for Relief ¶ H (seeking "all

amounts collected from" Plaintiffs and putative class members "under their Prosper loan accounts"); *id.* Prayer for Relief ¶¶ D, E, G (seeking statutory and actual damages, including all sums paid as interest, costs, fees or other charges). PFL's records indicate that it has received in excess of $5 million in payments from Maryland borrowers since February 9, 2018. Harkins Decl. ¶ 5; *see* Bryant Decl. ¶ 3.[3]

28. Additionally, on behalf of themselves and the putative class, Plaintiffs seek statutory damages under CLEC of three times the interest, costs, fees, and other charges collected by Defendants, disgorgement of all profits received by Defendants as a result of Plaintiffs and the putative class members' loans, pre- and post-judgment interest, costs of suit, and attorney fees. Ex. 1 Prayer for Relief ¶¶ F, I, K, L.

29. In sum, the payments Plaintiffs seek to recover by this lawsuit exceed $5 million, and they seek damages and penalties in addition to those payments. Thus, the amount in controversy exceeds $5 million.[4] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

---

[3] Plaintiffs seek penalties in the amount of three times the interest payments received. *See* Ex. 1, Prayer For Relief ¶ F (citing CLEC, § 12-1018(b)). For the loans at issue, this amount exceeds $5 million. Harkins Decl. ¶ 6.

[4] Defendants make no admission regarding the merit of Plaintiffs' claims. To the contrary, Defendants believe that Plaintiffs' claims have no merit and that there are no damages. Defendants merely estimate the amount that the Complaint would put into controversy. *See Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation.") (internal citation omitted).

30. The State Court Action implicates none of the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) because Defendants are not citizens of Maryland. *See supra* ¶¶ 23-25, Ex. 1 ¶¶ 22-25.

31. For these reasons, this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441 and 1453.

## REMOVAL TO THE DISTRICT OF MARYLAND, SOUTHERN DIVISION IS PROPER UNDER 28 U.S.C. § 1441

32. Removal to the District of Maryland is proper because it is the district within which the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

33. Removal to the Southern Division of the District of Maryland is similarly proper because it is the division within which the State Court Action is pending. *See* 28 U.S.C. §§ 100(2), 1441(a).

## NOTICE TO STATE COURT AND PLAINTIFFS

34. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice on counsel for Plaintiffs and will file a copy of this Notice with the Clerk of the Court for the Circuit Court for Montgomery County, Maryland. Attached as **Exhibit 8** is a copy of the Notice of Filing of Notice of Removal, excluding exhibits, to be filed in the State Court.

35. WHEREFORE, the State Court Action now pending in Circuit Court for Montgomery County, Maryland, Case No. 484731V, is hereby removed to the United States District Court for the District of Maryland pursuant to 28 U.S.C. §§ 1441, 1453.

Dated:  April 8, 2021

/s/ Matthew P. Previn
Matthew P. Previn (No. 16786)
BUCKLEY LLP
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
mprevin@buckleyfirm.com
Tel:(212) 600-2400

Michael A. Rome (*Pro Hac Vice Forthcoming*)
BUCKLEY LLP
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
mrome@buckleyfirm.com
Tel: (310) 424-3900

Lauren L. Erker (*Pro Hac Vice Forthcoming*)
BUCKLEY LLP
201 Mission Street, 12th Floor
San Francisco, CA 94105
lerker@buckleyfirm.com
Tel:(415) 619-3500

*Attorneys for Defendants Prosper Marketplace, LLC, Prosper Funding, LLC, and Velocity Investments, LLC*

## **CERTIFICATE OF SERVICE**

I, Matthew P. Previn, hereby certify that on April 8, 2021, a copy of the foregoing NOTICE OF REMOVAL was served upon the following parties to this action via United States first class mail, postage prepaid and/or via electronic mail:

Benjamin H. Carney
Richard S. Gordon
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Ave., Suite 100
Towson, MD 21204
bcarney@gwcfirm.com
rgordon@gwcfirm.com

/s/ Matthew P. Previn
Matthew P. Previn

**INDEX OF EXHIBITS**

| EXHIBIT | DOCUMENT |
|---|---|
| 1 | Complaint in the Circuit Court for Montgomery County, Maryland under the caption *Jones v. Prosper Marketplace, Inc.*, Case No. 484731V |
| 2 | March 1, 2021 Order signed by Judge Robert Greenberg assigning the State Court Action to the Business and Technology Case Management Program, Standard Track 6 |
| 3 | March 19, 2021 Scheduling Order signed by Judge Robert Greenberg |
| 4 | March 23, 2021 Summons to Defendants |
| 5 | Docket - Jones et al. v. Prosper Marketplace, Inc. (Cir. Ct. Montgomery Cnty. 484731V) |
| 6 | Declaration of James Harkins |
| 7 | Declaration of Allyson Bryant |
| 8 | Notice of Filing of Notice of Removal |